IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MICHAEL PETER STEMAC and
BRENDA ANN STEMAC,

        Plaintiffs,       1:12-CV-1980_CL

                              **ORDER**

    v.

CHERYL MARRS, SOUTHERN OREGON
CREDIT SERVICES INC., MATTHEW
SUTTON, et al.,

        Defendants.

_____

**PANNER, J.**

    *Pro Se* plaintiffs Michael and Brenda Stemac move for a Temporary Restraining Order enjoining a Sheriff's Sale of plaintiffs' property. Plaintiffs filed the complaint yesterday, on November 5, 2012 and allege the sale is scheduled for November 7. Because plaintiffs do not establish any likelihood of success on the merits of their claim, the motion for a Temporary Restraining Order [#3] is DENIED.

    The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

1 - ORDER

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

> The Complaint states one claim, alleging:
>
> CHERYL MARRS, SOCS, INC. is attempting to sell our home by her unlawful actions without due process of law, by using theft by deception, larceny, mail fraud, fraud, at minimum. CHERYL MARRS has damaged our credit ratings by filing liens against plaintiffs without due process of law. MATTHEW SUTTON worked in concert with CHERYL MARRS and JACKSON COUNTY DEVELOPMENT SERVICES to unlawfully attempt to steal property and damage our credibility.
>
> Defendants have caused Plaintffs undo emotions stress, financial hardships.

(Compl., 3.)

Plaintiffs attach the Notice of Sheriff's Sale to the complaint. (See ex. I.) That Notice states the sale "is made pursuant to an Execution issued out of the Circuit Court, #

2 - ORDER

120507Z0, of the State of Oregon for the County of Jackson wherein SOUTHERN OREGON CREDIT SERVICE, INC. an Oregon corporation was plaintiff and MICHAEL PETER STEMAC and BRENDA ANN STEMAC are the defendants." (Ex. I, 1.)

It appears plaintiffs seek to challenge a state court judgment defendants obtained against plaintiffs. The Rooker-Feldman doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit, 453 F.3d 1160, 1165 (9th Cir. 2006); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Plaintiffs' claim, which appears to be an attempted end run around a state court judgment, is not likely to succeed. State court is the appropriate venue to challenge a state court judgment.

## CONCLUSION

Because plaintiffs demonstrate any likelihood of probable success on the merits of their claim, plaintiff's motion for a Temporary Restraining Order [#3] is DENIED.

IT IS SO ORDERED.

DATED this 6 day of November, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3   - ORDER